UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| SIERRA GALE FISHERIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00244 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| LEROY JOHNS, *et al.*, | ) | [Re:   Motion at Docket 37] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 37, defendants Leroy Johns, Tanya Johns, and Confidence Fisheries, LLC (collectively "defendants") move pursuant to Federal Rule 37 to compel responses to certain discovery requests. Plaintiff Sierra Gale Fisheries ("plaintiff") opposes the motion at docket 41. Defendants' reply is at docket 45. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This lawsuit arises out of the collision of plaintiff's vessel, the *F/V SHADY LADY*, and defendants' vessel, the *F/V CONFIDENCE*. The collision occurred in March 2010 during the opening of the sac roe herring fishery in Sitka Sound. Plaintiff alleges that the collision was caused by defendants' negligence.

## III.  DISCUSSION

### A.  Requests for Admission

Defendants seek to compel responses to Requests for Admission 1-10, 12, 13, 27, 39, and 42. The court has reviewed plaintiff's responses to those requests for

admission and determined that they are not responsive.  Although plaintiff is correct that each of its responses "contains a specific admission or denial," Federal Rule 36 requires that the admission or denial pertain to the substance of the request, not a subject of the respondent's choosing.[1]  For instance, Request No. 3 sought an admission that plaintiff "did not apply with any government agency . . . for the right . . . or transfer of right to fish" a particular permit.[2]  In response, plaintiff "admit[ted] that it made all efforts to complete repairs to its vessel in time to make the fishery."[3]  Request No. 6 is also illustrative.  It asked plaintiff to "admit that all of [its] claims relating to lost fishing opportunity are limited to lost fishing opportunity relating to the 2010 Chignik Management Area Commercial Salmon Fishery."[4]  In response, "[p]laintiff only admit[ted] that it is claiming damages from lost fishing opportunities related to the 2010 Chignik Management Area Commercial Salmon Fishery."[5]  Plaintiff "denie[d] all remaining allegations" in that request.  Defendants are entitled to the discovery that the Federal Rules afford them.

**B. Interrogatory No. 4**

Defendant seeks to compel a complete response to Interrogatory No. 4. Interrogatory No. 4 generally sought information tending to show that damage to plaintiff's boat was a result of the collision and not other events.   Plaintiff objected on the ground that the interrogatory was unintelligible and then directed defendants' attention to survey reports.  The court agrees that the interrogatory is poorly formed.  It is essentially three interrogatories: it seeks 1) a description of the manner in which it was determined that damage was attributable to the collision between the plaintiff's and defendants' boats; 2) any documents demonstrating that damage was attributable to

---

[1] Fed. R. Civ. P. 36(a)(4).

[2] Doc. 38-2 at 4.

[3] *Id.*

[4] *Id.* at 5.

[5] *Id.*

that collision; and 3) the identities and contact information of any person involved in determining that the damage complained of was attributable to that collision.[6]  Although the court is skeptical that plaintiff did not understand what information defendant sought, the Federal Rules require discrete interrogatories and responses.[7]

**C. Requests for Production**

Defendants seek to compel production of the documents in Requests 1, 2, 4, 6, and 9.  Those requests sought documents relating to plaintiff's catch, income, and expenses from 2000 through 2009.  Plaintiff characterizes the requests as overbroad.

Plaintiff maintains that because it is only claiming damages based on its catch for the 2010 season, its catch history is irrelevant, and a comparison to other boats' performance over the same time period is more appropriate.  Plaintiff is incorrect.  Its catch history is relevant because plaintiff may perform consistently better or consistently worse than other boats, and that performance may be attributable to variables unique to plaintiff.  Defendants are attempting to establish a "reasonable average percentage of catch to" total allowable catch.[8]  The inclusion of the total allowable catch in defendants' proposed calculus mitigates the effect of variables affecting all boats (a poor or late run, for instance).  Given the nature of the potential damages in this action, defendants' requests are within the scope of discovery.

Plaintiff also states that it has not been to its business location in Colorado to look for fish tickets.  Plaintiff's difficulty in retrieving documents from wherever they are stored does not excuse it from discovery obligations imposed by the Federal Rules.

## IV.  CONCLUSION

For the reasons above, defendants' motion to compel at docket 37 is **GRANTED** as follows:

---

[6]Doc. 38-3 at 3.

[7]*See* Fed. R. Civ. P. 33(a)(1) (limiting each party to 25 written interrogatories); Fed. R. Civ. P. 33(b)(3) (requiring separate answers).

[8]Doc. 38 at 10.

1) Plaintiff shall respond to the Requests for Admission 1-10, 12, 13, 27, 39, and 42, by admitting or denying "the substance of the matter"[9] and qualifying its responses if necessary.

2) Defendants' shall reform Interrogatory No. 4. The court suggests three separate interrogatories. Plaintiff shall respond to defendants' reformed interrogatory or interrogatories.

3) Plaintiffs shall provide the documents sought in Requests for Production 1, 2, 4, 6, and 9.

DATED at Anchorage, Alaska, this 20th day of July 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[9] Fed. R. Civ. P. 36(a)(4).